GERBER, J.
 

 The circuit court entered a final summary judgment of foreclosure against the defendants below, Sherry and Jerry Frost.
 
 *906
 
 The Frosts appeal, arguing the plaintiff, Regions Bank, did not negate the Frosts’ affirmative defense that the bank did not provide notice of the alleged default and a reasonable opportunity to cure. We agree and reverse.
 

 The bank filed a mortgage foreclosure action against the Frosts. The Frosts’ answer asserted, among other defenses, that the bank failed to satisfy the condition precedent of providing notice of the alleged default and a reasonable opportunity to cure. For that defense, the Frosts did not refer to any language from the mortgage. However, the bank attached the mortgage to its complaint, and the mortgage states, in pertinent part:
 

 Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument ... The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property.
 

 The bank filed a motion for summary judgment, along with an affidavit of indebtedness, an attorney’s fee affidavit, and the original note. The Frosts did not file any papers or affidavits in opposition to the motion. Instead, at the hearing on the motion, the Frosts argued that the bank failed to address them affirmative defenses. The circuit court discussed with the parties some of the defenses, but not the lack of notice and opportunity to cure defense. The circuit court then granted the bank’s motion for summary judgment and entered a written final judgment of foreclosure. This appeal followed.
 

 The standard of review of an order granting summary judgment is
 
 de novo. Allenby & Assocs., Inc. v. Crown St. Vincent Ltd.,
 
 8 So.3d 1211, 1213 (Fla. 4th DCA 2009) (citation omitted). When reviewing a ruling on summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party.
 
 Id.
 
 Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
 
 Id.
 
 (citing Fla. R. Civ. P. 1.510(c)). “[T]he burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact.”
 
 Allenby,
 
 8 So.3d at 1213 (citation omitted). “Before a plaintiff is entitled to a summary judgment of foreclosure, the plaintiff must either factually refute the alleged affirmative defenses or establish that they are legally insufficient to defeat summary judgment.”
 
 Knight Energy Servs., Inc. v. Amoco Oil Co.,
 
 660 So.2d 786, 788 (Fla. 4th DCA 1995) (citation omitted).
 

 Here, the bank did not factually refute the Frosts’ lack of notice and opportunity to cure defense. Nothing in the bank’s complaint, motion for summary judgment, or affidavits indicate that the bank gave the Frosts the notice which the mortgage required. The bank also did not establish that the Frosts’ lack of notice and opportunity to cure defense was legally insufficient. Although the bank argues that the defense did not refer to any language from the mortgage, the bank cites no authority which requires the defense to contain such a reference.
 

 Because the bank did not meet its burden to refute the Frosts’ lack of notice and opportunity to cure defense, the bank is
 
 *907
 
 not entitled to final summary judgment of foreclosure. The Frosts’ other arguments are without merit and it is not necessary to address them.
 

 Reversed mid remanded.
 

 GROSS, C.J., and DAMOORGIAN, J., concur.