HAZOURI, J.
Judith Alejandre and Sergio Terrón (Alejandre) appeal the summary judgment of foreclosure in favor of Deutsche Bank Trust Company. Alejandre asserts that the trial court erred in granting the summary judgment and that they had asserted affirmative defenses which were not denied by Deutsche, dealt with during the hearing on the motion for summary judgment or addressed in the final judgment. We agree and reverse.
Deutsche filed an amended complaint with the necessary documentation alleging that it was entitled to foreclose on the property in question. In Alejandre’s answer to the amended complaint, they asserted as affirmative defenses, the Real Estate Settlement Procedures Act (RES-PA), the Truth in Lending Act (TILA), and unclean hands. In moving for summary judgment, Deutsche attached an affidavit stating that it had advanced to Ale-jandre, and is owed by Alejandre, the sum of $337,567.26. In its motion, however, it did not address any of the pending affirmative defenses. Nonetheless, the trial court granted Deutsche’s motion for summary judgment, prompting this appeal.
“The standard of review of the entry of summary judgment is de novo.” Craven v. TRG-Boynton Beach, Ltd., 925 So.2d 476, 479 (Fla. 4th DCA 2006). Further, “[t]he law is well settled in Florida that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact, and the court must draw every possible inference in favor of the party against whom a summary judgment is sought.” Id. at 479-80. “Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Frost v. Regions Bank, 15 So.3d 905, 906 (Fla. 4th DCA 2009).
When a party raises affirmative defenses, “[a] summary judgment should not be granted where there are issues of fact raised by [the] affirmative defense[s] which have not been effectively factually challenged and refuted.” Cufferi v. Royal Palm Dev. Co., 516 So.2d 983, 984 (Fla. 4th DCA 1987). Thus, “ ‘[i]n order for a plaintiff ... to obtain a summary judgment when the defendant asserts affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish the legal insufficiency of the defenses.’” Id. (quoting Bunner v. Fla. Coast Bank of Coral Springs, N.A., 390 So.2d 126, 127 (Fla. 4th DCA 1980)). In such instances, “[t]he burden is on the plaintiff, as the moving party, to demonstrate that the defendant could not prevail.” Id.
In Frost, a bank/mortgagee filed a foreclosure claim against a mortgagor. In response to that complaint, the mortgagors filed an answer that contained the affirmative defense of notice and opportunity to cure. The bank filed a motion for summary judgment. In opposition to that motion, the mortgagors did not file any papers or affidavits. At the hearing, the mortgagors contended that summary judgment was improper because the bank failed to address their affirmative defense. The trial court granted the bank’s motion for summary judgment. Frost, 15 So.3d at 906.
On appeal, this court reversed. We stated that the bank failed to refute the mortgagors’ affirmative defense of lack of notice and opportunity to cure. The bank failed to meet this requirement because “[n]othing in the bank’s complaint, motion *1290 for summary judgment, or affidavits indicate that the bank gave the [mortgagors] the notice which the mortgage required. The bank also did not establish that the [mortgagors’] lack of notice and opportunity to cure defense was legally insufficient.” Id. at 906. This Court held that “[because the bank did not meet its burden to refute the [mortgagors’] lack of notice and opportunity to cure defense, the bank is not entitled to final summary judgment of foreclosure.” Id. at 906-07.
In the instant case, as in Frost, the trial court’s entry of summary judgment was improper. Here, as in Frost, Deutsche moved for summary judgment, but in that motion, it failed to address affirmative defenses raised by the mortgagor, Alejandre. Because Deutsche failed to address Ale-jandre’s affirmative defenses, it did not carry its burden on summary judgment. Therefore, the trial court’s entry of summary judgment was erroneous. We do not pass upon the merits of the affirmative defenses, as that is a matter to be addressed in further proceedings.

Reversed and Remanded for Further Proceedings Consistent with this Opinion.

TAYLOR and CIKLIN, JJ., concur.