GRIFFIN, J.,
dissenting.
I respectfully dissent from the majority’s decision to uphold the appealed judgment based on the appellant’s failure to deny with sufficient specificity and particularity the appellee’s general allegation that all conditions precedent to the filing of suit had been met. The majority has construed the rule requirement too narrowly and has turned the rules of procedure on their head by excusing Countrywide’s lack of compliance with the summary judgment rule on this basis.
Godshalk appealed a summary final judgment in favor of Countrywide in a mortgage foreclosure case. Godshalk contends that Countrywide failed to establish that it was entitled to summary judgment because it failed to refute the defenses in his answer and affirmative defenses.
*627 In 2007, Godshalk had executed the note and mortgage in favor of Countrywide Bank, FSB, who assigned the mortgage to Countrywide. On September 4, 2008, Countrywide filed suit to foreclose the mortgage, alleging that Godshalk was in default on the note and mortgage because he failed to make any payments since February 2008. In paragraph 5 of the complaint, entitled “Default on Note and Mortgage,” Countrywide alleged that: “notice of default and demand for payment was sent to the present owners of the property and mortgagors, and they have still failed to pay as required.” Also, consistent with Florida Rule of Civil Procedure 1.120(c), Countrywide generally alleged:
8. CONDITIONS PRECEDENT:
Plaintiff has complied with all conditions precedent to its right to foreclose.
Godshalk filed an answer and affirmative defenses on March 9, 2009. He denied the allegations of paragraph 5 of the complaint. With respect to paragraph 8 of the complaint, Godshalk answered:
8. Denied. Neither the Plaintiff nor any other person has provided any of the notices required by the document that the Plaintiff purports to be the applicable mortgage in this matter.
Countrywide filed its motion for summary judgment on February 11, 2009, and a hearing was held on its motion on June 9, 2010. In it, there was no mention of any legal deficiency in Godshalk’s response to Countrywide’s general claim that all conditions precedent had been met. At the hearing, Godshalk argued that Countrywide had not refuted his lack of notice defense. Countrywide then displayed to the court a document purporting to be a copy of a notice of default sent to Godshalk in April 2008.[1] This document had not been filed twenty days prior to the hearing in accordance with Florida Rule of Civil Procedure 1.510, nor was it filed at any time prior to the summary judgment hearing. For that matter, it does not appear anywhere of record in this appeal. At the hearing, Godshalk objected: “Just for the record, I will object to the use of the letter which Plaintiff is trying to attempt to use as evidence today as a response.... ” Nevertheless, after the hearing, the court entered summary final judgment of foreclosure in favor of Countrywide and scheduled the foreclosure sale.
Godshalk argues that the trial court erred in entering summary judgment in favor of Countrywide because Countrywide did not meet its initial burden of conclusively showing that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. Specifically, he contends that Countrywide failed to establish by evidence on the record that there was no issue as to God-shalk’s denial that Countrywide had given him the required notices under the mortgage. If Countrywide had simply followed rule 1.510 by filing the notice of default in the record in a timely manner, this would be an easy affirmance. However, in apparent recognition that its failure to timely file the bank’s notice of default, or even to include the notice in the record of the proceedings below, might present an obstacle to their effort to uphold the summary judgment, Countrywide has found a new argument on appeal. Countrywide argues that Godshalk’s response to their general allegation that it had met all conditions precedent to filing suit was legally insufficient, so no duty to meet it with *628 evidence ever arose. Countrywide contends that paragraph 8 of the answer lacks sufficient specificity and particularity. The majority accepts its argument; I do not.
Florida Rule of Civil Procedure 1.120(c) does require that a “denial of performance or occurrence [of a condition precedent] shall be made specifically and with particularity.” Since the denial seems pretty particular (none of the notices required under the mortgage was given), the problem must be a lack of specificity, i.e. that God-shalk did not identify which of the notices contained in the mortgage were not given. Evidently, it is not enough to allege that none was complied with, each one must be separately identified.
Godshalk’s position is that his denial of the conditions precedent was plenty specific and particular enough. He relies on Frost v. Regions Bank, 15 So.3d 905 (Fla. 4th DCA 2009). There, the bank also had asserted that, by failing to identify the specific notice provisions of the mortgage allegedly not complied with, the lack-of-notice defense was legally insufficient, but the Fourth District rejected that contention. The only distinction between this case and Frost is that there the defendant alleged that there was no notice of default; whereas, in this case, the allegation was that none of the notices required had been given. This is not a difference you could drive a truck through, and it strikes me as absurd that the difference between success or failure of pleading in this case is the failure to identify by paragraph or title every notice that was not given. This is especially true given that the suit was for foreclosure of a mortgage based on a default in payment. The bank clearly knew which notices were at issue, as they came to the summary judgment hearing armed ■with a copy of the notice of default for lack of payment and legal argument on the notice of acceleration.
The lesson of this case for defendants is that the Fifth District Court of Appeal demands strict compliance with rule 1.210(c) and considers any violation to be fundamental. Extremely close attention should be given to the “specificity” and “particularity” requirements. As this case illustrates, non-compliance with the rule need not be raised below in order to succeed on appeal, so there will be no second chance to get this critical point of pleading right. Apparently, if Godshalk had simply added three words:
8. Denied. Neither the Plaintiff nor any other person has provided any of the notices [including paragraph-] required by the document that the Plaintiff purports to be the applicable mortgage in this matter,
he would not have lost this appeal.
The good news for plaintiffs, especially mortgage foreclosure plaintiffs, is that the seemingly insurmountable difficulties of actual compliance with the summary judgment rule can now be avoided by the simple expedient of attacking the “specificity” and “particularity5’ of the defendant’s response to their assertion that all conditions precedent were met.
Countrywide does offer us a back-up argument for affirmance. In April 2009, Countrywide filed an affidavit of a Mr. Donald Clark, who executed the document as “Assistant Vice President,” although he never says what he is assistant vice president of, nor does he ever assert he is employed by Countrywide. He says that: “By nature of his/her position with the Plaintiff or as its agent knows that the ... information hereafter given is contained in the original books and records maintained in the office of [Countrywide].” He never avers that notice of default was given, he merely avers that: “Each and every alie- *629 gation contained in the Complaint to Foreclose Mortgage are true.”[2] It is clear under Florida law that an affidavit merely-attesting that a pleading is “true” cannot defeat a summary judgment motion. Lazuran v. Citimortgage, Inc., 35 So.3d 189 (Fla. 4th DCA 2010). Rule 1.510(e) requires:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.
This further illustrates the thermo-nu-clear potency of an attack on the specificity and particularity of a defendant’s denial of performance of conditions precedent. Here, the filing requirements of rule 1.510 were ignored and the affidavit supporting the motion for summary judgment was plainly not compliant with the rule. No motion for judgment on the pleadings was filed and no mention of the pleading deficiency was mentioned as a basis for summary judgment. No competent evidence was offered to refute Godshalk’s denial of Countrywide’s general allegation that no notice of default had been given. Nevertheless, these defects on the part of the summary judgment movant melted away in the face of the mortgagor’s failure to allege the number of the paragraph requiring notice of default in the mortgage attached to the complaint. There is no principled reason that I can think of why a lack of adequacy of sufficient particularity or specificity in the reply to any answer generally alleging compliance with conditions precedent should not work in any civil case just as it has in this one.

. Countrywide also argued that the filing of the complaint in September 2008 was adequate notice of acceleration of the debt.

. The format of this affidavit looks much like “robo-signed” affidavits that have recently come to light in other foreclosure cases. Robo-signed affidavits refer to documents prepared and executed through procedures used by banks to set up departments to execute foreclosure documents with no training, expertise or file review. See generally Peterson v. Carrington Mortg. Serv., LLC., 2011 WL 6934551 (Dec. 28, 2011).