FORST, J.
In this mortgage foreclosure case, after finding Edward A. Wadsworth in default for failure to file an answer in response to JP Morgan Chase Bank’s (“Chase Bank”) complaint, the trial court granted summary judgment against Wadsworth, in favor of Chase Bank. Wadsworth now appeals the entry of default and the summary judgment order against him. For reasons discussed below, we find that the trial court improperly granted Chase Bank’s motions for default and summary judgment, and thus we reverse these orders and remand for appropriate proceedings.
Facts
The parties executed a mortgage document and mortgage note in March 2007, with Chase Bank as the lender and Wads-worth as the borrower. The mortgage document includes an acceleration clause requiring Chase Bank to notify Wadsworth before accelerating the mortgage note. The provision further specifies that the notice must provide a date by which Wads-worth may cure the default, which cannot be less than thirty days from the date notice is given to Wadsworth.
Wadsworth failed to pay the required installment payment for the mortgage note in December 2007. On April 4, 2008, Chase Bank sent a letter to Wadsworth notifying him that Chase Bank “has accelerated all sums due and owing.” Three days later, on April 7, Chase Bank filed a mortgage foreclosure complaint against Wadsworth, alleging default and requesting payment of the principal of the note, the interest due, and costs of collection. This is the only letter of notice in the record.
Wadsworth responded to the complaint with a motion to dismiss on April 30, 2008, which the trial court denied. Chase Bank filed two motions for default and a motion for summary judgment against Wadsworth for “failure to serve any papers on the undersigned or any papers as required by law.” The trial court denied Chase Bank’s motions for default on January 20, 2009, because Wadsworth had filed a pleading (i.e., his motion to dismiss). Chase Bank later filed a third motion for default against Wadsworth for “failure to file an Answer in this matter” on June 26, 2012. Wadsworth then filed an answer on July 6, 2012.
On July 10, 2012, the trial court granted both Chase Bank’s motion for default and motion for summary judgment against Wadsworth. Wadsworth immediately filed a motion to vacate the final order and for reconsideration, arguing that the default was improper because he had filed an answer and that Chase Bank had not complied with the notice requirement in the acceleration clause. The trial court denied Wadsworth’s motion and this appeal followed.
For this appeal, Chase Bank has filed a partial confession of error, in which it agrees with Wadsworth that the trial court erred in entering a default against him after Wadsworth had filed an answer and that the trial court further erred in granting summary judgment against Wads-worth where issues of material fact remain to be addressed in regards to compliance with the acceleration clause. Thus, we reverse the orders below with brief remarks on the errors and to also briefly address the issue to which Chase Bank does not confess error.
*690 Entry of Default Against Wadsworth
We review an order denying a motion to vacate an entry of default for abuse of discretion. Gibson Trust, Inc. v. Office of the Attorney Gen., 883 So.2d 379, 382 (Fla. 4th DCA 2004).
Florida Rule of Civil Procedure 1.500(c) allows a party to file a pleading any time before a default is entered. Only after a party has failed to serve any paper in an action may a default be entered. Fla. R. Civ. P. 1.500(a), (b). Because the dates are clear that Wadsworth filed an answer on July 6, before default was entered on July 10, we find that the trial court abused its discretion in entering default against Wadsworth. Therefore, reversal of the order entering default is required.
Summary Judgment Against Wadsworth
We review an order granting summary judgment de novo. Scott v. Williams, 107 So.3d 379, 384 (Fla.2013); Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Fla. R. Civ. Pro. 1.510(c); Volusia County, 760 So.2d at 130. Before a plaintiff is entitled to a summary judgment of foreclosure, the plaintiff must either factually refute the alleged affirmative defenses or establish that they are legally insufficient to defeat summary judgment. Frost v. Regions Bank, 15 So.3d 905, 906 (Fla. 4th DCA 2009) (quoting Knight Energy Servs., Inc. v. Amoco Oil Co., 660 So.2d 786, 788 (Fla. 4th DCA 1995)). In Frost, we reversed an order granting summary judgment against a defendant in a foreclosure action where the plaintiff bank did not meet its burden to refute the [defendants] lack of notice and opportunity to cure defense. Id.
As in Frost, Wadsworth’s answer asserts that Chase Bank did not comply with the notice requirement in the acceleration clause. The only notice of record Chase Bank gave was on April 4 and the bank subsequently filed a foreclosure complaint on April 7, giving Wadsworth less than thirty days of notice of Chase Banks intent to accelerate the mortgage and effectively no opportunity to cure the default. No evidence of record exists showing that Chase Bank otherwise complied with the acceleration clause, and the trial court did not address Wadsworth’s defense of lack of notice in its final summary judgment order. Thus, at least one genuine issue of material fact exists to be addressed, making summary judgment improper in this action.
Mediation and Summary Judgment of Foreclosure
Wadsworth also argues in this appeal that summary judgment is improper in a foreclosure proceeding where mediation has not first been held. To this point alone, Chase Bank does not confess error.
In 2009, the Florida Supreme Court mandated mediation in homestead residential mortgage foreclosure cases. In re Final Report & Recommendations on Residential Mortg. Foreclosure Cases, 2009 WL 5227471 (Fla. Dec. 28, 2009). In response, Florida’s Fifteenth Judicial Circuit issued Administrative Order Number 3.308-12/10, which provided for mediation in residential mortgage foreclosure cases filed on or after July 12, 2010. Case Mgmt. of Residential Foreclosure Cases & Mandatory Mediation Referral, Admin. Order No. 3.308-1/12 (Fla. 15th Cir. Ct. Jan. 12, 2012) (emphasis added). The program was later terminated in 2011. Id.
The complaint giving rise to the instant foreclosure case was filed on April 7, 2008, which is outside the time of mandated mediation under Administrative Order *691 Number 3.308-12/10. No such requirement exists outside of this Administrative Order to support Wadsworth’s argument that he is entitled to mediation. We still reverse the order of summary judgment on the grounds stated above, but we note that summary judgment against Wads-worth would not be improper merely because mediation was not held beforehand.[1]
Conclusion
For the reasons set forth above, we reverse the entry of default and the order of summary judgment against Wadsworth.

Reversed and remanded for further proceedings.

GROSS and MAY, JJ., concur.

. We need not determine whether a failure to mediate would necessarily preclude a final judgment of foreclosure for a case filed after July 12, 2010.