FORST, J.
Defendants, Prakash and Nila Patel (“Defendants”), appeal a final summary judgment of foreclosure entered in favor of Plaintiff, Aurora Loan Services (“Plaintiff’). We reverse the final summary judgment because we find that a genuine issue of material fact remained concerning whether Plaintiff provided Defendants with adequate notice of default and an opportunity to cure. We disagree, however, with Defendants’ other arguments on appeal.
Orders granting summary judgment are reviewed de novo. Frost v. Regions Bank, 15 So.3d 905, 906 (Fla. 4th DCA 2009). “Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusive-, ly show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Id. It is the moving party’s burden to show, conclusively, the absence of any genuine issue of material fact. Id. A plaintiff, therefore, must either factually refute any alleged affirmative defenses or establish that they are legally insufficient to defeat summary judgment before being entitled to a summary judgment of foreclosure. Congress Park Office Condos II, LLC v. First-Citizens Bank & Trust Co., 105 So.3d 602, 606 (Fla. 4th DCA 2013).
Defendants in this case rely on Frost and Kurian v. Wells Fargo Bank, National Association, 114 So.3d 1052 (Fla. 4th DCA 2013). In Frost, this court reversed a final summary judgment of foreclosure where the bank failed to refute the defendant’s affirmative defense of lack of notice and opportunity to cure. Frost, 15 So.3d at 906. The pertinent language of the mortgage at issue in Frost is nearly identical to the language used in the mortgage at issue in this case. The defendants/borrowers in that case asserted the affirmative defense that the bank did not provide notice of the alleged default and a reasonable opportunity to cure. Id. at 905-06. This court reversed the final summary judgment “[b]ecause the bank did not meet its burden to refute the Frosts’ lack of notice and opportunity to cure defense ....” Id. at 906-07. This court added that “[n]othing in the bank’s complaint, motion for summary judgment, or affidavits indicate that the bank gave the Frosts the notice which the mortgage required.” Id. at 906; see also Bryson v. Branch Banking and Trust Co., 75 So.3d 783, 785-86 (Fla. 2d DCA 2011) (“In numerous foreclosure cases summary judgment has been reversed because the defendant has pleaded lack of notice and opportunity to cure as an affirmative defense and nothing in the bank’s complaint, motion for summary judgment, or affidavits established that the bank gave the homeowners the notice and opportunity to cure required by the mortgage.”) (emphasis added).
In Kurian, this court also reversed a final summary judgment of foreclosure where the bank failed to factually refute the defendants’ affirmative defense of lack *25 of notice and opportunity to cure. Kurian, 114 So.3d at 1054-55. In that case, as in Frost, the mortgage contained nearly identical notice and opportunity to cure requirements as those at issue in the instant case. The defendants in Kurian alleged that “the bank did not meet the requirements of ... the mortgage by failing to provide sufficient notice of default and opportunity to cure.” Id. at 1054. At the summary judgment hearing, “the bank argued that the letter attached to the Complaint ... satisfied the notice requirements set forth in ... the mortgage.” Id. This court reversed final summary judgment by finding that “[t]he bank never refuted the homeowners’ affirmative defense ... [because] [t]he letter attached to the Complaint did not satisfy [the] requirements [of the section of the mortgage dealing with notice of default].” Id. at 1054-55; see also Bryson, 75 So.3d at 786 (holding that unauthenticated letters of default were insufficient to establish that the bank had complied with the notice and opportunity to cure requirements of the mortgage).
In this case, Defendants raised the following as an affirmative defense: “Plaintiff did not provide the Defendant notice of the alleged default and reasonable opportunity to cure as is required by the uniform residential instrument (mortgage).” In its motion for summary judgment, Plaintiff addressed this affirmative defense by alleging, “[t]he Plaintiff provided Defendants with a Default Letter dated May 21, 2009. Therefore, the Plaintiff denies this affirmative defense, and demands strict proof thereof.” This bare “because I said so” allegation in the motion for summary judgment seems to be the extent to which Plaintiff sought to refute Defendants’ affirmative defense that the bank failed to provide adequate notice of default and opportunity to cure. The alleged “Default Letter dated May 21, 2009” appears nowhere in the record before us.
Based on the authority of Frost, Kurian, and Bryson, we therefore find Plaintiff in this case did not sufficiently establish the nonexistence of a genuine issue of material fact regarding the lack of adequate notice and opportunity to cure affirmative defense. Accordingly, we reverse the final summary judgment of foreclosure and remand the case for further proceedings.

Reversed and Remanded for further proceedings.

GROSS and GERBER, JJ., concur.