# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ABDEL (DARWISH) DARWICHE** and **BATOUL (DARWISH) DARWICHE,**
Appellants,

v.

**THE BANK OF NEW YORK MELLON** f/k/a **THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS 2003-60,**
Appellee.

No. 4D13-4395

[February 24, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. CACE09041676.

Vanessa Jaleh Bravo of Neustein Law Group, P.A., Aventura, for appellants.

Tahirah R. Payne and Kristen M. Gottfried of Morris Schneider Wittstadt, LLC, Tampa, for appellee.

CONNER, J.

Abdel and Batoul Darwiche appeal the trial court's entry of a final summary judgment of foreclosure in favor of Appellee, Bank of New York Mellon, and the denial of their motion for rehearing and relief from judgment. Although Appellants raise several issues on appeal, we find merit in only one of their arguments. Appellants argue that the trial court erred in entering final summary judgment in favor of the bank where genuine issues of material fact remained regarding the bank's standing. We agree, and reverse and remand for further proceedings.

### *Factual Background and Trial Court Proceedings*

The bank initiated this mortgage foreclosure action against Appellants on July 28, 2009. The copy of the note attached to the complaint states that the original lender was America's Wholesale Lender and did not contain any indorsements. In its complaint, the bank alleged that the mortgage was transferred to it by virtue of "an assignment to be recorded"

and that it "owns and holds the Note and Mortgage."[1]  The mortgage also stated that "'MERS' is Mortgage Electronic Registration Systems, Inc. MERS . . . is acting solely as a nominee for Lender and Lender's successors and assigns."

After Appellants filed a motion to dismiss challenging the bank's standing, the bank filed a copy of the note reflecting an undated blank indorsement signed by Countrywide Home Loans, Inc., doing business under the fictitious name of America's Wholesale Lender, the original lender.  The bank also maintained in its response to Appellants' motion that it was in possession of the original note and mortgage and that it came into ownership of the same through a valid assignment of mortgage. Appellants' motion was denied, and Appellants filed their answer to the complaint, in which they maintained their challenge to the bank's standing.

Thereafter, the bank filed its motion for summary judgment of foreclosure.  In support of its motion, the bank filed an affidavit attesting that it "has possession of the promissory note," and that it is "the assignee of the security instrument for the referenced loan."  The bank also filed the original note and mortgage, along with a copy of the recorded assignment of mortgage.  The original note contained the undated blank indorsement by the original lender.  The assignment of mortgage, notarized August 5, 2009 (after suit was filed), reflected a transfer of the note and mortgage from MERS to the bank, effective June 22, 2009 (before suit was filed). Although a hearing was held on the bank's motion for summary judgment, it appears Appellants failed to attend, and a transcript of the hearing has not been included in the record on appeal.  After the hearing, the trial court entered a final summary judgment in favor of the bank.  Appellants gave notice of appeal after the trial court denied their motion for rehearing and relief from judgment.

*Appellate Analysis*

Appellants argue that the trial court erred in entering final summary judgment in favor of the bank where genuine issues of material fact remained regarding the bank's standing.

The granting of a motion for summary judgment is reviewed *de novo*. *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000).  "When reviewing a ruling on summary judgment, an appellate

---

[1] The copy of the assignment of mortgage filed in the court file states the note was assigned and transferred as well.

court must examine the record in the light most favorable to the non-moving party." *Frost v. Regions Bank*, 15 So. 3d 905, 906 (Fla. 4th DCA 2009) (citing *Allenby & Assocs., Inc. v. Crown St. Vincent Ltd.*, 8 So. 3d 1211, 1213 (Fla. 4th DCA 2009)). Summary judgment is appropriate only where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c). The burden is on the moving party to show "conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought." *Moore v. Morris*, 475 So. 2d 666, 668 (Fla. 1985). "If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it." *Id.* "If the 'slightest doubt' exists, then summary judgment must be reversed." *Sierra v. Shevin*, 767 So. 2d 524, 525 (Fla. 3d DCA 2000).

It is well settled that standing of the plaintiff to foreclose on a mortgage must be established at the time the plaintiff files suit. *See McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012); *Rigby v. Wells Fargo Bank, N.A.*, 84 So. 3d 1195, 1196 (Fla. 4th DCA 2012). Here, Appellants assert that the bank failed to establish that it possessed the blank-indorsed note at the inception of the suit. While the original note contained an undated blank indorsement, and while the bank ultimately filed the original note with the trial court, reflecting possession of the note at the time the original was filed, there was nevertheless insufficient evidence to establish that the bank held the blank-indorsed note, and was thus entitled to enforce it, *at the time suit was filed*.

The affidavits in support of the bank's motion for summary judgment did not specifically state when the bank came into possession of the note, nor did the bank otherwise indicate that it owned or possessed the note at the time suit was filed. Though the bank filed the original note and mortgage prior to the summary judgment hearing, its bare assertion in its supporting affidavit that it "has possession of the promissory note" fails to clarify at what point the bank obtained possession of the blank-indorsed note, and is therefore insufficient evidence of whether the bank possessed the note from the inception of the suit. *See Cromarty v. Wells Fargo Bank, NA*, 110 So. 3d 988, 989 (Fla. 4th DCA 2013) ("While the note introduced had a blank [i]ndorsement and was sufficient to prove ownership by appellee, who possessed the note, nothing in the record shows that the note was acquired prior to the filing of the complaint. The [i]ndorsement did not contain a date, nor did the affidavit filed in support of the motion for summary judgment contain any sworn statement that the note was owned by the plaintiff *on the date that the complaint was filed*." (emphasis

3

added and internal quotation marks omitted) (quoting *Hall v. REO Asset Acquisitions, LLC,* 84 So. 3d 388 (Fla. 4th DCA 2012))).

As to the assignment of mortgage, upon which the bank relied to establish its standing, we agree with Appellants that genuine issues of material fact remained as to whether the assignment of mortgage was sufficient to establish the bank's standing at the inception of the suit. The complaint was filed on July 28, 2009. Although the assignment transferring the note and mortgage to the bank states an "effective date" of June 22, 2009, the assignment appears to have been notarized and executed on August 5, 2009, which was clearly *after* the complaint was filed. We have held that "two inferences can be drawn from the 'effective date' language." *Vidal v. Liquidation Props., Inc.*, 104 So. 3d 1274, 1277 (Fla. 4th DCA 2013). One inference is that ownership of the note and mortgage was equitably transferred to the bank on June 22, 2009 (prior to suit), but another inference is that the parties to the transfer were attempting to backdate an event to their benefit. *Id.* We have previously warned that "[a]llowing assignments to be retroactively effective would be inimical to the requirements of pre-suit ownership for standing in foreclosure cases." *Id.* at 1277 n.1. "Because the language yields two possible inferences, proof is needed as to the meaning of the language, and a disputed fact exists." *Id.* at 1277.

Accordingly, we hold that the trial court erred in entering summary judgment in favor of the bank, where the record does not reflect as a matter of law that the bank had standing on the date the complaint was filed. We therefore reverse the entry of summary judgment and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

CIKLIN, C.J., and BOORAS, TED, Associate Judge, concur.

\*    \*    \*

***Not final until disposition of timely filed motion for rehearing.***