DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LESLINE RUSSELL,**
Appellant,

v.

**BAC HOME LOANS SERVICING, LP** f/k/a **COUNTRYWIDE HOME LOANS SERVICING LP,**
Appellee.

No. 4D16-3908

[February 28, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. CACE10021416.

Jay L. Farrow of Farrow Law, P.A., Davie, for appellant.

Nancy M. Wallace of Akerman LLP, Tallahassee, and William P. Heller and Henry H. Bolz of Akerman LLP, Fort Lauderdale, for appellee.

### *ON MOTION FOR REHEARING*

LEVINE, J.

We deny appellee's motion for rehearing, but withdraw our previously issued opinion and substitute the following in its place.

Appellant appeals a final judgment of foreclosure following summary judgment. Appellant argues that a genuine issue of material fact existed as to standing at the inception of the action because the endorsement on the note attached to the complaint was different than the endorsements on the original note filed with the court. We agree that a genuine issue of material fact existed and therefore we reverse.

BAC Home Loans Servicing[1] filed a complaint for mortgage foreclosure against appellant. A copy of the note attached to the complaint contained an undated endorsement in blank by Q Lending, the lender named in the note. A copy of the note attached to the amended complaint contained an undated specific endorsement by Q Lending to Taylor, Bean & Whitaker Mortgage Corp. as well as an undated endorsement in blank by Taylor, Bean & Whitaker.

Appellant filed an answer and affirmative defenses, raising lack of standing and pointing out the discrepancy in the endorsements.

Carrington Mortgage Services, LLC, was substituted as party plaintiff and moved for summary judgment. In support of its motion, Carrington submitted an affidavit from Bank of America's assistant vice president stating that Bank of America had physical possession of the note endorsed in blank by Taylor, Bean & Whitaker as of May 19, 2010, the date the foreclosure action was filed. A screenshot accompanying the affidavit showed that Bank of America received the note on September 26, 2009. A second screenshot purported to show that the version of the note with two endorsements was scanned into Bank of America's system on December 18, 2009.

The trial court granted summary judgment and entered a final judgment in favor of Carrington.

Whether a party has standing to bring an action is reviewed de novo. *Boyd v. Wells Fargo Bank, N.A.*, 143 So. 3d 1128, 1129 (Fla. 4th DCA 2014). An order granting summary judgment is also reviewed de novo. *Craven v. TRG-Boynton Beach, Ltd.*, 925 So. 2d 476, 479 (Fla. 4th DCA 2006).

"[A] party moving for summary judgment must show conclusively the absence of any genuine issue of material fact, and the court must draw every possible inference in favor of the party against whom a summary judgment is sought." *Id.* at 479-80. "The burden is initially on the movant. Only where the movant tenders competent evidence in support of his motion does the burden shift to the other party to come forward with opposing evidence." *Id.* at 480.

---

[1] BAC later merged into Bank of America, N.A.

"[S]ummary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law." *Id.* If the evidence is conflicting, permits different reasonable inferences, or tends to prove the issues, it should be submitted to the trier of fact. *Darwiche v. Bank of N.Y. Mellon*, 185 So. 3d 1261, 1262 (Fla. 4th DCA 2016). "If the 'slightest doubt' exists, then summary judgment must be reversed." *Id.* (citation omitted).

"A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose" at the time the complaint is filed. *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). "[S]tanding may be established from a plaintiff's status as the note holder, regardless of any recorded assignments." *Id.* "If the note does not name the plaintiff as the payee, the note must bear a special endorsement in favor of the plaintiff or a blank endorsement. Alternatively, the plaintiff may submit evidence of an assignment from the payee to the plaintiff or an affidavit of ownership to prove its status as a holder of the note." *Id.* (citations omitted). "[I]f the plaintiff relies upon an affidavit of ownership to prove its status as a holder of the note on the date the lawsuit was filed, it is sufficient if the body of the affidavit indicates that the plaintiff was the owner of the note and mortgage before suit was filed." *Id.* at 174.

BAC's possession of the endorsed note was insufficient to conclusively establish standing at the time BAC filed the complaint. The copy of the note attached to the original complaint contained an undated endorsement in blank by Q Landing. However, the copy of the note attached to the amended complaint, as well as the original note, contained an undated specific endorsement by Q Lending to Taylor, Bean & Whitaker who, in turn, executed an endorsement in blank. Because only the holder of a note may convert a blank endorsement to a special endorsement, this suggests that Taylor, Bean & Whitaker—and not BAC—possessed the original note at the time BAC filed the complaint and that Taylor, Bean & Whitaker executed a special endorsement as the holder of the note after BAC filed the complaint. *See* § 678.3041, Fla. Stat. (2016) ("A holder may convert a blank indorsement to a special indorsement.").

Additionally, the affidavit was insufficient to establish BAC's standing. *Floyd v. Bank of America, N.A.*, 194 So. 3d 1071 (Fla. 5th DCA 2016), is instructive. In *Floyd*, the Fifth District found that the bank's affidavit was insufficient to establish standing because it did not resolve all the material issues in the case. The affidavit in *Floyd* did not offer any

3

explanation of why a blank endorsement appeared on the note filed at the hearing but not on the copy filed with the complaint.  Therefore, a material issue remained as to when the note was endorsed and how the bank obtained standing.

Similarly, the affidavit in the instant case did not resolve the inconsistency between the copy of the note attached to the original complaint and the note attached to the amended complaint and filed with the court in support of summary judgment.  The affidavit did not offer any explanation as to why a blank endorsement by Taylor, Bean & Whitaker Mortgage Corp. appeared on the note filed in support of summary judgment but a blank endorsement by Q Lending appeared on the copy of the note filed with the original complaint.  Like in *Floyd*, a material issue remained as to when the note was endorsed and how BAC obtained standing.

In sum, a genuine issue of material fact remained as to whether BAC had standing when it filed the complaint.  As such, we reverse the entry of summary judgment and remand for further proceedings.

*Reversed and remanded for further proceedings.*

FORST and KUNTZ, JJ., concur.

4