DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SAMANTHA ROUSSELL,**
Appellant,

v.

**THE BANK OF NEW YORK MELLON,** f/k/a **THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JP MORGAN CHASE BANK, N.A. AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR7 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR7,**
Appellee.

No. 4D17-3944

[February 6, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Senior Judge; L.T. Case No. 2017-CA-006417 (11).

Samantha V. Roussell, Doral, pro se.

Nancy M. Wallace of Akerman LLP, Tallahassee, and William P. Heller of Akerman LLP, Fort Lauderdale, for appellee.

PER CURIAM.

A homeowner appeals a final judgment of foreclosure entered in favor of The Bank of New York Mellon based on the bank's motion for summary judgment. Because material issues of fact remain as to standing and the condition precedent of notice, we reverse and remand for further proceedings.

The bank filed a complaint against the homeowner for mortgage foreclosure and to reestablish a lost note. A copy of the note attached to the complaint listed America's Wholesale Lender as the lender and did not contain any endorsements. The homeowner filed an answer and affirmative defenses, arguing that the bank lacked standing and failed to comply with the condition precedent of adequate notice concerning the default and acceleration.

The bank filed a lost note affidavit from an employee of the servicer, Nationstar Mortgage, LLC. The affidavit stated that the bank acquired the loan from the original lender, America's Wholesale. The affidavit listed several transfers of servicing rights, ending with Nationstar. According to the affidavit, "[t]he Note was lost by the prior holder of the note, and prior to the transfer to Nationstar."

The bank moved for summary judgment. The homeowner opposed the motion, arguing that the bank lacked standing and failed to comply with the condition precedent of notice. After a hearing, the trial court entered a final judgment of foreclosure.

An order granting summary judgment is reviewed de novo. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). "Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Frost v. Regions Bank*, 15 So. 3d 905, 906 (Fla. 4th DCA 2009). "It is the moving party's burden to show, conclusively, the absence of any genuine issue of material fact." *Patel v. Aurora Loan Servs., LLC*, 162 So. 3d 23, 24 (Fla. 4th DCA 2014).

The homeowner raised the issue of standing as an affirmative defense. "Whether a party has standing to bring an action is a question of law to be reviewed de novo." *Joseph v. BAC Home Loans Servicing, LP*, 155 So. 3d 444, 446 (Fla. 4th DCA 2015). A party seeking to enforce a lost note must establish, inter alia, that it was "entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred." § 673.3091(1)(a), Fla. Stat. (2017).

The bank failed to satisfy the requirements of section 673.3091(1)(a). The affidavit from the bank's servicer stated that "[t]he Note was lost by the prior holder of the note, and prior to the transfer to Nationstar," the current servicer. Notably, the affidavit is unclear as to who lost the note because the affidavit does not state the identity of the prior noteholder. One could infer the prior noteholder was the servicer immediately prior to Nationstar, Green Tree Servicing LLC. However, it is also possible that the original lender, America's Wholesale, was the prior holder of the note.

A computer screenshot attached as an exhibit to the affidavit purported to evidence the bank's receipt of the note from America's Wholesale.

2

However, the screenshot did not contain any reference to America's Wholesale. Additionally, the screenshot reflected an assignment by EMC Mortgage Corporation, but there is no indication in the affidavit or elsewhere in the record of this entity's relation to the note and mortgage. Further, the screenshot listed Countrywide as the prior servicer, but the bank's affidavit, which allegedly listed all prior servicers, made no mention of Countrywide.

Another exhibit to the affidavit, a computer printout, purported to show that the prior holder of the note was in possession of the note when the loss occurred. However, nothing in the exhibit indicates the identity of the prior holder of the note or when the loss occurred. Further, there is a conflict between the printout and the affidavit regarding the entity from whom Nationstar acquired the loan for servicing. A notation on the printout indicated that Nationstar acquired the loan from Specialized Loan Servicing, while the affidavit stated that Nationstar acquired the loan from Green Tree Servicing. These inconsistencies and conflicts, coupled with the vagueness regarding who lost the note, give rise to material issues of fact as to the bank's standing.

Material issues of fact also exist as to the bank's compliance with conditions precedent. "A plaintiff . . . must either factually refute any alleged affirmative defenses or establish that they are legally insufficient to defeat summary judgment before being entitled to a summary judgment of foreclosure." *Patel*, 162 So. 3d at 24. The homeowner raised a legally sufficient defense by alleging that the bank failed to comply with the condition precedent of notice. *See* Fla. R. Civ. P. 1.120(c). The bank did not factually refute this defense. As such, summary judgment must be reversed and the case remanded for further proceedings. *See Patel*, 162 So. 3d at 25; *Frost*, 15 So. 3d at 906.

*Reversed and remanded for further proceedings.*

WARNER, CIKLIN and LEVINE, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

3