# Third District Court of Appeal

## State of Florida

Opinion filed March 27, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1783
Lower Tribunal No. 14-10576

_____

**Jiaxian Zhao,**
Appellant,

vs.

**Premier American Bank and
General Lending Corporation,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Lerman & Whitebook, P.A., and Carlos D. Lerman (Hollywood), for appellant.

Shutts & Bowen LLP, and Suzanne Youmans Labrit (Tampa), and Aliette D. Rodz, for appellee General Lending Corp.

Before SCALES, HENDON,[1] and MILLER,[2] JJ.

_____

[1] Did not participate in oral argument.

[2] Did not participate in oral argument.

PER CURIAM.

Jiaxian Zhao appeals the trial court's entry of three separate orders on two separate motions for summary judgment rendered in favor of General Lending Corporation ("GLC"). Specifically, Zhao challenges: (i) the trial court's final order granting final summary judgment of foreclosure on GLC's counterclaim for foreclosure of two judgment liens encumbering the subject property; (ii) the trial court's final order granting final summary judgment on Zhao's complaint based on its determination that Zhao lacks standing to foreclose an equitable lien; and (iii) the trial court's non-final order summarily denying Zhao's motion for partial summary judgment regarding his affirmative defense to both GLC and Premier American Bank n/k/a Florida Community Bank's counterclaims that both judgment liens attached only to the same one-half interest in the property.[3]

Based on the record before us, we reverse as to the two final orders granting summary judgment in favor of GLC and remand for further proceedings because we find there are genuine issues of material fact. See Patel v. Aurora Loan Servs., LLC, 162 So. 3d 23, 24 (Fla. 4th DCA 2014) (reversing final summary judgment of foreclosure based on the existence of a genuine issue of material fact).

Specifically, with regard to the trial court's conclusion that Zhao no longer

_____

[3] The trial court's order denying Zhao's motion for partial summary judgment is a non-final order, and thus, is not appealable. See Taggart v. Morgan, 943 So. 2d 250, 250 (Fla. 3d DCA 2006). The trial court's order expressly recognizes the non-final nature of this order.

owns the subject property, and, therefore, lacked standing to either assert his equitable subrogation claim against GLC, or defend against GLC's counterclaim seeking to foreclose on the subject judgments, the record reveals the existence of a genuine issue of material fact, thus precluding both summary judgment orders. Indeed, while the record indicates Zhao and purported buyer Ying Cui executed a purchase and sale contract for the property (and the purchase price was paid to Zhao), the record also reveals several other facts evidencing that Zhao still owned the property, and therefore, had the requisite standing: (i) it appears that no deed was executed or delivered to Ying Cui; (ii) Zhao continued to pay the property taxes on the property; and (iii) Zhao had agreed to refund the purchase price to Ying Cui in the event Zhao could not deliver clear title to the property.

Because the trial court summarily determined that Zhao lacked standing in the case below, the record reflects that the trial court did not reach (and we express no opinion regarding) the merits of either Zhao's equitable subrogation claim against GLC or the affirmative defenses Zhao asserted in response to GLC's foreclosure claims.

Reversed and remanded.