PER CURIAM.
Appellants, Skydive Space Center, Inc. (SSC) and Cristofer Parente, appeal the final summary judgment entered by the trial court in favor of Appellee, Henri Pohjolainen. We reverse and remand, holding that the trial court committed error by granting final summary judgment prior to the completion of relevant ongoing discovery.
SSC purchased four skydiving tandem rigs from Tandem Solutions d/b/a Wings Tandem, a company which Pohjolainen owned. Following the sale, the SSC instructors met to discuss an issue concerning the certification training provided by a Wings Tandem examiner. During that private meeting, someone recorded statements made by Parente, SSC's head instructor. Ultimately, Appellants sued Pohjolainen, David Strobel (a Wings Tandem examiner), and Tandem Solutions, alleging that the recording had been obtained and used in violation of the Florida wiretap statute.[1]
After his deposition, Pohjolainen filed a motion for summary judgement, arguing that there was no evidence suggesting that he violated the wiretap statute. Within a month of this motion, Appellants filed a motion to compel production of emails between Pohjolainen and other parties involved in the dispute. Additionally, the court ordered that the cloned hard drive from Strobel's work laptop be provided to Appellants.
*827 Prior to the scheduled hearing, Appellants filed a response in opposition to the motion for summary judgment. Appellants argued that relevant and material discovery had yet to be produced. At the time of the hearing, the court had not ruled on the motion to compel the requested emails nor had the cloned hard drive been provided to Appellants for forensic examination.
Following the hearing, the trial court granted Pohjolainen's motion for summary judgment over Appellants' objections regarding the outstanding discovery. The court noted, "If subsequent discovery [as to the remaining litigants] shows that this Court is in error, Plaintiff[s] will be entitled to amend the complaint. The amendments will relate back to the original complaint. Mr. Pohjolainen will be added back in ...." This appeal timely followed.
"An order granting summary judgment is reviewed de novo." Roussell v. Bank of N.Y. Mellon, 263 So. 3d 100, 102 (Fla. 4th DCA 2019) (citing Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000) ). Appellants argue that the trial court prematurely granted summary judgment as their motion to compel was outstanding and they had not yet received the cloned hard drive as previously ordered by the court. We agree with Appellants' contention.
"Where the information contained in outstanding discovery could create genuine issues of material fact, summary judgment [is] not ... proper." Osorto v. Deutsche Bank Nat'l. Tr. Co., 88 So. 3d 261, 263 (Fla. 4th DCA 2012) ; see also Colby v. Ellis, 562 So. 2d 356, 357 (Fla. 2d DCA 1990). The emails subject to the motion to compel as well as the cloned hard drive could contain evidence leading to a genuine issue of material fact. Therefore, as relevant discovery had yet to be completed and there was no finding that the discovery requests were intended to cause delay, it was error for the trial court to enter summary judgement. See Arguelles v. City of Orlando, 855 So. 2d 1202, 1203 (Fla. 5th DCA 2003). Accordingly, we reverse the final summary judgment and remand for further proceedings.
REVERSED and REMANDED.
ORFINGER, LAMBERT and GROSSHANS, JJ., concur.

See § 934.03(1), Fla. Stat. (2015) (forbidding the intentional interception of oral communications, the intentional use of certain devices to intercept oral communications, and the subsequent use or disclosure of intercepted oral communications); § 934.10, Fla. Stat. (2015) (providing a cause of action based on violations of the wiretap statute).