DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BLUE STAR RESTORATION INC. (A/A/O TAMY KRZIZIKE),**
Appellant,

v.

**FIRST PROTECTIVE INSURANCE COMPANY,**
Appellee.

No. 4D21-52

[May 19, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Ellen Feld, Judge; L.T. Case Nos. COWE18-5607(83) and CACE19-10865(AP).

Peter Mineo, Jr., and Marius Boeru of The Mineo Salcedo Law Firm, P.A., Davie, for appellant.

Jennifer V. Ortega and Jason G. Little of Simon, Reed & Salazar, P.A., and Jay M. Levy and Ryan L. Marks of Jay M. Levy, P.A., Miami, for appellee.

WARNER, J.

Appellant Blue Star Restoration, Inc. challenges the final summary judgment entered in favor of appellee First Protective Insurance Company. As there remain disputed issues of material fact, we reverse.

Pursuant to an assignment of insurance benefits agreement with First Protective's insured, appellant sued First Protective for breach of contract for failing to pay for mitigation repairs it performed after an insured loss. The complaint alleged the damages did not exceed fifteen thousand dollars, but did not allege a specific amount due. Without answering the complaint, First Protective moved for summary judgment, claiming that it had paid appellant based upon its invoice, and attached a copy of the check made out to appellant, the insured, a public adjuster, and a mortgage company. No affidavit was filed with the copy of the check stating that the check was cashed or even mailed. Although a copy of the check was attached, a footnote in the motion stated that a new check was issued about a month later to include a different mortgage holder as payee

along with the public adjuster, appellant, and the insured. A copy of that check was not attached to the pleading.

Appellant filed a response, stating that the assignment of benefits contract required payment to be made directly to appellant. The check copy attached to the motion was not, as it was made payable to multiple parties. Appellant also filed an affidavit from its corporate representative, stating that it had sent two invoices to First Protective, neither of which had been paid.[1] At the hearing on summary judgment, First Protective relied on the insurance policy to counter appellant's assertion that the check was required to be made out solely to appellant, insisting that it required the insured and the public adjuster to be included. However, the insurance policy was not part of the submissions attached to the motion for summary judgment. Nevertheless, the court entered summary judgment.

An order granting summary judgment is reviewed de novo. *Russell v. BAC Home Loans Servicing, LP*, 239 So. 3d 98, 99 (Fla. 4th DCA 2018). "Summary judgment is proper if there is no genuine issue of material fact and [] the moving party is entitled to [] judgment as a matter of law." *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). The court may consider "affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence" on which the parties rely. *See* Fla. R. Civ. P. 1.510(c).

Here, First Protective filed a motion for summary judgment without any affidavits, alleging payment in full. Appellant filed an affidavit in response, stating that it had two invoices outstanding. The affidavit stated that neither invoice had been paid, although appellant admitted that the amount of the check attached to the motion for summary judgment was the amount of one of its invoices. This affidavit was sufficient to raise a disputed issue of material fact as to the amount owed and whether appellant had been paid. Moreover, at the motion hearing, First Protective contested appellant's claim that the checks were issued improperly and in violation of the assignment of benefits contract. First Protective relied on the insurance policy's provisions to contend that the public adjuster was

---

[1] For the first time on appeal, appellant argues that the two invoices together exceeded the county court jurisdictional limit in 2019 of $15,000, and thus the county court did not have jurisdiction to hear the case. However, "[a]n appellate court is generally required to apply the law in effect at the time of its decision." *Fla. Patient's Comp. Fund v. Von Stetina*, 474 So. 2d 783, 787 (Fla. 1985). As of January 1, 2021, county court jurisdiction increased to $30,000. Therefore, the jurisdictional issue is moot.

properly on the check. However, the policy was never made part of the record. Summary judgment must be based solely on those materials properly presented to the court in accordance with the procedure set forth in Florida Rule of Civil Procedure 1.510. Here, that was not done. Because the policy provisions are not before this court, we express no opinion as to whether the check, as issued with multiple payees, violated the insurance company's obligations pursuant to the insurance contract.

For the foregoing reasons, we reverse the final summary judgment and remand for further proceedings.

DAMOORGIAN and FORST, JJ., concur.

*       *       *

*Not final until disposition of timely filed motion for rehearing.*