943 So.2d 863 (2006)
Pedro PENTON, et al., Appellants,
v.
INTERCREDIT BANK, N.A., Appellee.
No. 3D05-2929.
District Court of Appeal of Florida, Third District.
November 15, 2006.
Blaxberg, Grayson, Kukoff & Segal, Miami, and David A. Strauss, Orlando, for appellants.
Perez, Goran, Rodriguez, and William G. Essig, Coral Gables, for appellee.
*864 Before RAMIREZ, and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
RAMIREZ, J.
This is an appeal from two orders in connection with an action brought by Intercredit Bank, N.A., seeking to foreclose upon several mortgages granted by Pedro Penton and Yaknel Penton. We affirm on the issues raised because the trial court correctly allowed Intercredit to amend its complaint, it did not err in finding that it had subject matter jurisdiction, and venue was proper in Miami-Dade County.
Appellant Carlos Penton was not originally named in the action, which only identified defendants Pedro Penton, Yaknel Penton, John Doe and All Others in Possession. Carlos Penton was personally served with a "John Doe" Summons on October 6, 2005. At that time, his name did not appear in the caption of the Complaint or the Summons.
After a default was entered against Carlos Penton, the circuit court entered an Agreed Order on December 15, 2005, setting aside the default as against Carlos Penton. The trial court contemporaneously granted Intercredit's ore tenus application to substitute appellant Carlos Penton for "John Doe." The court also denied the appellant's motion to dismiss, which had asserted that the Eleventh Circuit lacked subject matter jurisdiction to award a judgment of foreclosure as to real property located entirely within the borders of Hendry County, thus ruling that venue was proper and that the court had subject matter jurisdiction to grant a judgment of foreclosure against the property located in Hendry County.
The first order under appeal simply allowed the substitution of Carlos Penton as a party-defendant for "John Doe." Despite appellant's argument to the contrary, the order does not determine whether Carlos Penton was properly served with process when he was personally served with a summons addressed to "John Doe." Florida Rule of Civil Procedure 1.250(c) provides for the addition of parties "by order of court . . . on motion of any party at any stage of the action and on such terms as are just." We can find no error in the court allowing the substitution.
The appellant also complains that the trial court erred in finding that it had subject matter jurisdiction over the Hendry County property. Normally, a circuit court cannot exercise in rem jurisdiction over property situated beyond the circuit's territorial boundaries. Section 47.011, Florida Statutes, provides that actions shall be brought only in the county where the property in litigation is located. See also Goedmakers v. Goedmakers, 520 So.2d 575 (Fla.1988). This is commonly referred to as the "local action rule."
The Legislature, however, has created an exception to the local action rule, codified at section 702.04, Florida Statutes, which provides, in pertinent part:
When a mortgage includes lands. . . . lying in two or more counties, it may be foreclosed in any one of said counties, and all proceedings shall be had in that county as if all the mortgaged land. . . . lay therein. . . .
Appellant nevertheless argues that the exception was only intended to provide a remedy where a mortgage covers a contiguous parcel of land that extends into multiple counties. We conclude that this argument can find no support in the language of the statute, the legislative history or the case law. On the contrary, a 1959 opinion of the Attorney General interpreted the statute as relating to both contiguous and non-contiguous real properties. See Op. *865 Att'y Gen. Fla. 59-57 (1959). We agree with this interpretation.
We therefore affirm the trial court in all respects.