PER CURIAM.
We conclude that Appellant failed to sufficiently plead the denial of a condition precedent in this foreclosure action. For that reason, we affirm the summary judgment. Appellee, Countrywide Home Loans Servicing, L.P., pleaded generally in its complaint that it had complied with all conditions precedent. Its affidavit in support of summary judgment asserted, among other things, that all of the allegations in the complaint were true. Appellant’s shotgun denial failed to specify which of the thirteen types of notices required by the ten-page mortgage document had not been sent. Instead, he merely denied that “any of the notices required by the document” had been sent. During the ensuing two years, Appellant never attempted to amend his pleading. At the hearing, Appellant revealed for the first time that his defense was based on the failure to send the notice of acceleration. The purpose of Florida Rule of Civil Procedure 1.120(c) is to put the burden on the defendant to identify the specific condition that the plaintiff failed to perform-so that the plaintiff may be prepared to produce proof or cure the omission, if it can be cured. The rule is intended to force a defendant to show his hand in advance to avoid surprise. As in all pleading, good faith is imperative. Here, Appellant chose to hold his cards close to his vest by use of an overbroad pleading. An overbroad pleading is not a particular and specific one. If the notice of acceleration was the focus of Appellant’s defense, he could have, and should have, framed his pleading to focus on that particular notice. Had he done so, Appellee could have focused its application for summary judgment on the acceleration notice.
AFFIRMED.
TORPY and LAWSON, JJ., concur.
GRIFFIN, J., dissents with opinion.