PER CURIAM.
Catherine M. Frym seeks a writ of prohibition restraining the circuit court in and for Pinellas County from exercising jurisdiction in a foreclosure action over property located in Hillsborough County. “When it is shown that a lower court is without jurisdiction or attempting to act in excess of its jurisdiction, prohibition may be granted.” Sanders v. Laird, 865 So.2d 649, 651 (Fla. 2d DCA 2004) (citing English v. McCrary, 348 So.2d 293, 296 (Fla.1977)). Because we conclude that the trial court is acting within its jurisdiction, we deny the petition but write to explain our decision and clarify certain procedural concerns.
On March 2, 2006, Frym executed and delivered a Multipurpose Note and Security Agreement, a Mortgage and Security Agreement, a Second Mortgage and Security Agreement, and a Uniform Commercial Code Financing Statement to Flagship Community Bank (Bank). Specifically, the promissory note was secured by the following two mortgages: one on commercial property in Pinellas County and one on Frym’s personal residence in Hillsborough County. On May 15, 2009, the Bank filed a complaint in Pinellas County seeking to foreclose on each mortgage. Frym filed a motion to dismiss, alleging that the trial court lacked subject matter jurisdiction to foreclose on the mortgage encumbering land in Hillsborough County. Frym challenges the denial of that motion with her current petition for writ of prohibition.
In the petition, Frym claims that pursuant to section 47.011, Florida Statutes (2006), actions involving property shall only be brought in the county in which the property in litigation is located. This long-established “local action rule” specifically provides that “[t]he circuit court in this state, under our Constitution and laws, cannot by its officers take possession of property beyond its territorial limits.” Ga. Cas. Co. v. O’Donnell, 109 Fla. 290, 147 So. 267, 268 (1933). Furthermore, “[t]he local action rule is one of subject matter jurisdiction, not venue, and subject matter jurisdiction cannot be conferred by waiver or consent.” Hudlett v. Sanderson, 715 So.2d 1050, 1052 (Fla. 4th DCA 1998). However, an exception to the local action rule provides that “[w]hen a mortgage includes lands ... lying in two or more counties, it may be foreclosed in any one of said counties, and all proceedings shall be had in that county as if all the mortgaged land ... lay therein.” § 702.04, Fla. Stat. (2006). Finally, this exception can apply to both contiguous and noncontiguous real properties. See Penton v. Intercredit Bank, N.A., 943 So.2d 863, 864-65 (Fla. 3d DCA 2006).
Frym maintains that her situation does not fall under the exception to the local action rule and that thus the Bank is required to bring a separate action in Hillsborough County with respect to her personal residence there. To illustrate, Frym points to Hudlett, 715 So.2d at 1051, in which the Third District analyzed a situation involving three separate notes secured by three separate mortgages encumbering land in three separate counties. Addressing an action brought in Palm Beach County, the Third District held that the exception to the local action rule “is not applicable to [a] mortgage which on its face shows it encumbers only land in Broward County.” Id. at 1052 (footnote omitted). Here, Frym notes that, as in Hudlett, the mortgage at issue encumbers land only in Hillsborough County. Thus, Frym *454 argues, the Pinellas County court lacks subject matter jurisdiction to foreclose on that mortgage because the plain language of section 702.04 does not apply when separate mortgages encumbering lands in separate counties are involved.
In addressing the motion to dismiss, the trial court distinguished the Hudlett case from Frym’s situation. Specifically, Hud-lett dealt with three separate notes secured by three separate mortgages, each encumbering land in three separate counties. Here, a single note is secured by two mortgages encumbering land in two separate counties. Primarily because this case involves only one transaction, the court denied the motion. In support, the court explained that the mortgage follows the debt and that thus the two mortgages here should be construed as one instrument.
We agree with the trial court’s reasoning and hold that this case does fall under the umbrella .of section 702.04 and should be handled accordingly for , the duration of the proceedings. Thus, we deny Frym’s petition for writ of prohibition.
Denied.
DAVIS, KHOUZAM, and MORRIS, JJ., Concur.