On Motion for Rehearing

MAY, C.J.
The bank has filed a motion for rehearing. We deny the motion for rehearing, but withdraw our previously issued opinion and replace it with the following.
Homeowners appeal a Final Summary Judgment of Foreclosure. They argue the trial court erred in entering summary judgment because the bank failed to refute their affirmative defenses. We agree and reverse.
The homeowners executed a note and mortgage with the bank. Section 22 of the mortgage — titled “Acceleration; Remedies” — stated, in pertinent part:
Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument.... The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property....
The bank filed a Complaint on March 31, 2009, to foreclose the mortgage, alleging *1054 the homeowners defaulted on December 1, 2008. Attached to the Complaint was a letter, dated March 25, 2009, notifying the homeowners that the mortgage was in default and the bank had already accelerated all sums due. The homeowners answered and asserted affirmative defenses. Affirmative Defense 14 alleged that “all conditions precedent to filing this foreclosure action were not in accordance with the ‘acceleration’ terms and conditions set forth in the promissory note and mortgage.” It is this affirmative defense which we address.
The bank moved for summary judgment and attorneys’ fees, and filed an Amended Affidavit as to Amounts Due and Owing. The affidavits in support of summary judgment did not address the allegations of Affirmative Defense 14. The homeowners filed affidavits in opposition, which attested that they never received notification of the acceleration of the mortgage or note, were never contacted by the bank about the acceleration, and never waived their right to receive notice. The trial court entered Final Summary Judgment in favor of the bank. The homeowners now appeal.
The homeowners argue the trial court erred in entering summary judgment because the bank failed to refute then-affirmative defenses, which were legally sufficient. More specifically, they argue that the bank did not meet the requirements of section 22 of the mortgage by failing to provide sufficient notice of default and opportunity to cure. The bank responds that the affirmative defenses were legally insufficient because they were not pled with the particularity and specificity required by Florida Rule of Civil Procedure 1.120(c). We have de novo review. Frost v. Regions Bank, 15 So.3d 905, 906 (Fla. 4th DCA 2009).
“When a party raises affirmative defenses, ‘a- summary judgment should not be granted where there are issues of fact raised by the affirmative defenses which have not been effectively factually challenged and refuted.’ ” Alejandre v. Deutsche Bank Tmst Co. Ams., 44 So.3d 1288, 1289 (Fla. 4th DCA 2010) (quoting Cufferi v. Royal Palm Dev. Co., 516 So.2d 983, 984 (Fla. 4th DCA 1987)). The mov-ant must disprove the affirmative defenses or show they are legally insufficient. Id.
The bank relies on Godshalk v. Countrywide Home Loans Servicing, L.P., 81 So.3d 626 (Fla. 5th DCA 2012), to challenge the sufficiency of the homeowners’ affirmative defense. In Godshalk, the court found the affirmative defenses insufficient where the homeowner “merely denied that ‘any of the notices required by the document’ had been sent.” Id. at 626. Here, the homeowners’ affirmative defense denied compliance with the conditions precedent required by “the ‘acceleration’ terms and conditions set forth in the promissory note and mortgage.” The “acceleration” terms are located in section 22 of the mortgage, and require notice of any default and opportunity to cure thirty days prior to acceleration. The homeowners sufficiently pled the bank’s failure to satisfy conditions precedent regarding the pre-acceleration notice requirements of the mortgage. Frost, 15 So.3d at 906 (“Although the bank argues that the defense did not refer to any language from the mortgage, the bank cites no authority which requires the defense to contain such a reference.”).
At the hearing on the Motion for Summary Judgment, the bank never argued that the homeowners’ affirmative defenses were insufficiently pled. Rather, the bank argued that the letter attached to the Complaint, indicating that acceleration had already occurred, satisfied the notice requirements set forth in section 22 of the mortgage. The bank never refuted the *1055 homeowners’ affirmative defense of lack of thirty days’ notice of the default and opportunity to cure prior to acceleration as required by section 22 of the mortgage.
The letter attached to the Complaint was a notice that acceleration had already occurred and was dated only six days prior to the filing of the Complaint. It did not advise of the default, provide an opportunity to cure, or provide thirty days in which to do so. The letter attached to the Complaint did not satisfy section 22’s requirements.
The bank argues for the first time on appeal that section 15 of the mortgage provides that notice is deemed to have been given when sent by first class mail. However, the bank never established that any notice was sent by first class mail thirty days prior to accelerating the mortgage. For these reasons, we reverse and remand for further proceedings.

Reversed and Remanded.

TAYLOR and CONNER, JJ., concur.