GRIFFIN, J.
Pamela Samaroo and Jessie Samaroo [“the Samaroos”] appeal the entry of summary final judgment of mortgage foreclosure in favor of Wells Fargo Bank, National Association, as Trustee for the Holders of the First Franklin Mortgage Loan Trust 2006-FF15 Mortgage Pass-Through Certificates, Series 2006-FF15 [“Wells Fargo”]. The Samaroos raise three issues on appeal; we find merit in only one. We agree that Wells Fargo failed to satisfy the *1128 notice requirement of section 22 of the mortgage as a condition precedent to foreclosure.
On April 8, 2009, Wells Fargo filed its complaint to foreclose on the Samaroos’ mortgage. Wells Fargo alleged that there had been a default under the note and mortgage, and that all conditions precedent to the filing of the action had been performed or had occurred. The Sama-roos filed an amended answer and affirmative defenses, asserting, among other defenses, that Wells Fargo had failed to give the Samaroos notice of default in compliance with paragraph 22 of the mortgage.
Wells Fargo filed a motion for summary-final judgment, asserting that the material facts were not in dispute, that it had standing to foreclose the mortgage as it was the owner and holder of the note and mortgage, and that Pamela Samaroo was in default, had been sent a default letter, and owed amounts as identified in an attached affidavit of indebtedness. Wells Fargo asserted that “a notice of default letter was sent to Defendant Pamela Samaroo, in accordance with Pai'agraph 22 of the Mortgage, on December 17, 2008.” It ultimately argued: “Accordingly, because Plaintiff provided the notice of default in compliance with paragraph 22 of the Mortgage, Defendants’ Tenth, Nineteenth, and Twentieth Affirmative Defenses do not bar entry of Final Summary Judgment.”
Attached to Wells Fargo’s motion for summary final judgment are an affidavit in support of the motion and an affidavit of indebtedness. Affiant, Deborah A. Schroeder [“Schroeder”], represented that she was an officer at Select Portfolio Servicing, Inc. [“SPS”], and that SPS serviced the mortgage loan for Wells Fargo. In paragraph 13 of her affidavit, she stated:
The Loan Records reflect that on December 17, 2008, a default letter was sent to Defendant Pamela Samaroo, pursuant to Paragraph 22 of the Mortgage, informing her of the default and providing the amounts due under the Note. A copy of the acceleration/default letter is attached hereto as Exhibit “E.”
The trial court conducted a hearing on Wells Fargo’s motion for summary final judgment and entered summary final judgment in favor of Wells Fargo.
The Samaroos’ tenth affirmative defense asserted that Wells Fargo failed to give notice of default that complied with the notice requirements set forth in paragraph 22 of the mortgage. Paragraph 22 of the mortgage provides:
Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this *1129 Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys’ fees and costs of title evidence.
To refute the Samaroos’ affirmative defense that Wells Fargo failed to give the Samaroos notice prior to acceleration that complied with the notice requirements set forth in paragraph 22 of the mortgage, Wells Fargo relied upon the default letter that is attached to the affidavit in support of its motion for summary judgment. However, it is apparent in comparing the letter to the requirements of paragraph 22 that it does not comply with the notice requirements set forth in paragraph 22 of the mortgage. Importantly, it does not inform the Samaroos of their right to reinstate after acceleration. Rather, it informs the Samaroos that the “acceptance of one or more payments for less than the amount required to cure the default shall not be deemed to reinstate [their] loan or waive any acceleration of the loan.” This in no way suggests the right to reinstate after acceleration. See Kurian v. Wells Fargo Bank, Nat’l Ass’n, 114 So.3d 1052, 1055 (Fla. 4th DCA 2013) (“[The letter attached to the Complaint] did not advise of the default, provide an opportunity to cure, or provide thirty days in which to do so. The letter attached to the Complaint did not satisfy section 22’s requirements.”); Judy v. MSMC Venture, LLC, 100 So.3d 1287,1289 (Fla. 2d DCA 2012).
Wells Fargo contends that it “substantially” complied with the contractual notice requirements, an argument we cannot credit. None of the cases cited by Wells Fargo involved compliance with pre-acceleration notice requirements contained in a mortgage. Its own mortgage specified the important information that it was bound to give its borrower in default, and it simply failed to do so.[1]
REVERSED and REMANDED.
TORPY, C.J. and EVANDER, J., concur.

. Wells Fargo also relies on our opinion in Godshalk v. Countrywide Home Loans Servicing, L.P., 81 So.3d 626, 626 (Fla. 5th DCA 2012), for the proposition that the Samaroos' denial of Wells Fargo’s claim that it had met all conditions precedent to foreclosure was not sufficiently specific or particular as required by Florida Rule of Civil Procedure 1.120(c). We reject this argument. The Sa-maroos specifically asserted a failure to comply with the notice provisions of paragraph 22 of the mortgage. That paragraph specifies only five components of the notice that the bank must give. The failure to include the right to reinstate the mortgage after acceleration is an obvious and crucial omission.