PALMER, J.,
dissenting.
I respectfully dissent from the majority’s affirmance of the final summary judgment of foreclosure entered in favor of Wachovia Bank (the bank).
In order to prevail on a motion for summary judgment, a plaintiff must establish that there is no disputed issue of any material fact regarding its claim, and also must establish that there are no material issues of fact regarding any of the defenses raised by the defendant. When a party raises affirmative defenses, a summary judgment should not be granted where there are issues of fact raised by the affirmative defenses which have not been refuted. Kurian v. Wells Fargo Nat’l Ass’n, 114 So.3d 1052 (Fla. 4th DCA 2013).
Here, the defendants asserted an affirmative defense of the bank’s failure to fulfill conditions precedent to foreclosure. Specifically, the defendants alleged that the bank failed to comply with paragraph twenty-two of the mortgage by failing to provide proper notice of default. Paragraph twenty-two of the mortgage states, in part:
Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument.... The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in' acceleration of the sums secured by this Security Instrument,' foreclosure by the judicial proceeding and sale of the Property.
The undisputed evidence showed that only twenty-eight days notice was given, supporting the factual basis of the defendants’ affirmative defense.
The bank did not attempt to avoid this affirmative defense by providing an affidavit or other proof of record that its failure to comply with the explicit terms of its mortgage was not a material breach of the contract or that it had substantially complied with the paragraph. The bank also did not provide any evidence of record establishing that the defendants were not prejudiced by its failure to comply with the terms of its agreement. Rather, in its supplemental affidavit of proof, the bank addressed the defendants’ affirmative defense by simply stating that “the defendants alleged that the plaintiff failed to provide them with the contractual notice of default and right to cure contemplated by the loan documents. However, that allegation is factually incorrect.” The record establishes that the defendants’ allegation was not factually incorrect since the undisputed evidence shows that the bank failed to provide the notice required by the mortgage.
*194 Accordingly, since there were issues of fact raised by the affirmative defenses which were not refuted by the record, the bank was not entitled to receive a summary judgment. Importantly, the issue of materiality of any breach was not before the trial court in light of the bank’s response to the affirmative defense.
In Samaroo v. Wells Fargo Bank, 137 So.3d 1127 (Fla. 5th DCA 2014), this court rejected an argument that the bank substantially complied with a notice requirement identical to the instant mortgage provision. We held that the mortgage “specified the important information that it was bound to give its borrowers in default, and it simply failed to do so.” Id. at 1129. In a footnote, we specifically noted that paragraph twenty-two of the mortgage specified five components that the bank must give, with one of those components being a specific thirty-day cure period. See also Kurian, 114 So.3d at 1053.
Accordingly, in my view, the bank was not entitled to receive a summary judgment and I would reverse and remand for further proceedings.