DAMOORGIAN, J.
Appellants, Danna and Rolando.Suarez, appeal the final summary judgment of mortgage foreclosure entered in favor of Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-NC5 Asset-Backed Pass-Through Certificates (“Wells Fargo”). In pertinent part, Appellants argue that the court erred in entering summary final judgment because Wells Fargo failed to negate their affirmative defense that Wells Fargo did not satisfy the notice requirement of paragraph 22 of the mortgage. We agree and reverse.
Wells Fargo filed a one count mortgage foreclosure complaint against Appellants. In their answer, Appellants denied Wells Fargo’s allegations that Wells Fargo complied with all conditions precedent to bringing suit. By way of affirmative defense, Appellants asserted that Wells Fargo “failed to establish that it has complied with the condition precedent” because it “failed to provide Defendants with a Notice of Default and Intent to Accelerate that meets the requirements of the subject mortgage.” In support of their defense, Appellants quoted the following language taken from Paragraph 22 of the mortgage:
Lender shall give notice to Borrower prior to acceleration following Borrow *696 er’s breach of any covenant or agreement in this Security Instrument ... The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property.
Wells Fargo moved for summary judgment and in support of its motion, filed an affidavit of indebtedness, an affidavit as to costs, an affidavit in support of plaintiffs attorney time, and an affidavit of attorney fees. Wells Fargo did not attach a copy of a paragraph 22 notice or address its compliance with paragraph 22 in its motion or supporting affidavits. Following a hearing, the court granted Wells Fargo’s motion for summary judgment. Appellants moved for rehearing on the grounds that Wells Fargo failed to refute their notice affirmative defense, but the court denied their motion and entered final summary judgment in favor of Wells Fargo. This appeal followed.
“When reviewing a ruling on summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party.” Frost v. Regions Bank, 15 So.3d 905, 906 (Fla. 4th DCA 2009). “Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Id. “[T]he burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact.” Allenby & Assocs., Inc. v. Crown St. Vincent Ltd., 8 So.3d 1211 1213 (Fla. 4th DCA 2009). “Before a plaintiff is entitled to a summary judgment of foreclosure, the plaintiff must either factually refute the alleged affirmative defenses or establish that they are legally insufficient to defeat summary judgment.” Knight Energy Servs., Inc. v. Amoco Oil Co., 660 So.2d 786, 788 (Fla. 4th DCA 1995).
In the foreclosure context, it well established that if a borrower sufficiently pleads that the note-holder did not comply with the mortgage’s notice provisions as an affirmative defense, the note-holder is not entitled to summary judgment unless it refutes the defense. Kurian v. Wells Fargo Bank, Nat. Ass’n, 114 So.3d 1052, 1054 (Fla. 4th DCA 2013) (reversing summary judgment when homeowners sufficiently pleaded lack of notice under the mortgage as an affirmative defense and the bank failed to refute the defense); Frost, 15 So.3d at 906 (reversing entry of summary judgment entered in favor of lender where borrower asserted via affirmative defense that the bank failed to satisfy the condition precedent of providing notice of the alleged default and a reasonable opportunity to cure and the bank did not submit any evidence to the contrary); Finnegan v. Deutsche Bank Nat. Trust Co., 96 So.3d 1093 (Fla. 4th DCA 2012) (issues of fact surrounding borrower’s lack of notice affirmative defense precluded summary judgment).
Wells Fargo does not dispute that it failed to present any evidence of its compliance with paragraph 22, but instead argues that Appellants’ affirmative defense was insufficiently pleaded.. We reject this argument.
Florida Rule' of Civil Procedure 1.120(c) requires that a denial of conditions precedent “shall be made specifically and *697 with particularity.” The purpose of the rule is “to put the burden on the defendant to identify the specific condition that the plaintiff failed to perform—so that the plaintiff may be prepared to produce proof or cure the omission, if it can be cured.” Godshalk v. Countrywide Home Loans Servicing, L.P., 81 So.3d 626, 626 (Fla. 5th DCA 2012). Here, Appellants specifically pleaded that Wells Fargo failed to comply with conditions precedent because it “failed to provide Defendants with a Notice of Default and Intent to Accelerate that meets the requirements of the subject mortgage.” This affirmative defense was sufficiently pleaded. See, e.g., Kurian, 114 So.3d at 1054 (holding that “homeowners’ affirmative defense [which] denied compliance with the conditions precedent required by ‘the ‘acceleration’ terms and conditions set forth in the promissory note and mortgage.’ ... sufficiently pled the bank’s failure to satisfy conditions precedent regarding the pre-acceleration notice requirements of the mortgage.”); DiSalvo v. SunTrust Mortg., Inc., 115 So.3d 438, 439-41 (Fla. 2d DCA 2013) (stating that the defendant’s denial “that they had received the required notice and allegation] that SunTrust had not complied with any of the conditions precedent expressed in Section 22 of the mortgage ... was legally sufficient”).
As Appellants sufficiently pleaded that Wells Fargo failed to comply with conditions precedent because it did not provide Appellants with notice as required by paragraph . 22 of the subject mortgage, Wells Fargo bore the burden of refuting Appellants’ defense before it was entitled to summary judgment. It did not meet this burden and, therefore, summary judgment was inappropriate. Because Appellants’ condition precedent affirmative defense warrants reversal, we decline to address the effect of the Appellants’ remaining affirmative defenses. However, on remand, the court should consider any additional factual issues raised in the pleadings.

Reversed and remanded.

WARNER and MAY, JJ., concur.