DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PRIME INVESTORS & DEVELOPERS, LLC** and
**HOMESTEAD HOLDINGS II, LLC,**
Appellants,

v.

**THE MERIDIEN COMPANIES, INC.,**
Appellee.

No. 4D19-1005

[January 22, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas R. Lopane, Judge; L.T. Case No. CACE 17-002351.

Vincent F. Vaccarella and Craig Lewis of Vincent F. Vaccarella, P.A., Fort Lauderdale, for appellants.

William M. Lindeman of William M. Lindeman, P.A., Orlando, for appellee.

GERBER, J.

A developer and a contractor jointly appeal from the circuit court's order granting a subcontractor's motion for final summary judgment on the subcontractor's claims for breach of contract and to foreclose a construction lien, arising from the subcontractor not receiving full payment for its installation of cabinets and countertops on a hotel project.

The developer and the contractor argue the circuit court erred in entering summary judgment for many reasons, three of which we address here: (1) the contractor's affidavit reflected genuine issues of material fact regarding the subcontractor's material quality and installation; (2) the subcontractor's motion did not address the developer's third affirmative defense alleging lack of compliance with the construction lien statutes' notice and timing requirements; and (3) the circuit court lacked subject matter jurisdiction over the construction lien foreclosure claim because the property is located in Miami-Dade County, not Broward County.

We conclude the first two arguments have merit, for reasons explained below. Therefore, we reverse the circuit court's order granting the subcontractor's motion for final summary judgment. Although the third argument is moot by our decision, we will briefly address that argument because that issue may recur on remand.

We present this opinion in three parts:
1. Procedural history;
2. The subcontractor's summary judgment motion; and
3. Our review.

## 1. *Procedural History*

The developer hired the contractor to construct a hotel in Miami-Dade County. The contractor then hired the subcontractor to install cabinets and countertops for all guest rooms. The subcontract provided, in pertinent part:

> Subcontractor acknowledges TIME IS OF THE ESSENCE in the performance of all Work. . . . Subcontractor is responsible for monitoring its progress in completing the Work in accordance with the Overall Project Schedule . . . to be prepared by the Contractor after consultation with the Subcontractor.
>
> . . . .
>
> The parties acknowledge that Broward County, Florida is the proper venue for any claim arising out of this Agreement.
>
> . . . .
>
> Work shall be performed in a timely, quality, professional and workmanlike manner. . . .
>
> . . . .
>
> Contractor's Construction Manager shall check all Work after the . . . Subcontractor . . . has inspected the Work and made any necessary corrections. Payment for Work shall be approved and processed only after the Work to be performed has been 100% completed and found to be free of any defects, errors, omissions or discrepancies, as determined in

2

Contractor's Construction Manager's sole and absolute discretion. . . .

The subcontractor eventually installed the cabinets and countertops in the hotel, and the contractor's construction manager signed off on the installation. The contractor paid the subcontractor in part, but withheld full payment because the contractor found that the cabinets and countertops were deficient in both material quality and installation.

The contractor later filed, in Broward County circuit court, a breach of contract complaint against the subcontractor, alleging that the subcontractor failed to provide the correct materials, timely install the materials, properly install the materials, and correct the defective work.

In response, the subcontractor filed an answer, a counterclaim for breach of contract against the contractor for non-payment, and a third party complaint to enforce its construction lien against the developer. The subcontractor's answer and third party complaint pled that venue was proper in Broward County.

In response to the subcontractor's third party complaint, the developer filed an answer and affirmative defenses. The developer's answer admitted venue was proper in Broward County, but denied the remaining allegations. The developer's third affirmative defense alleged that the subcontractor had failed to comply with the notice and timing requirements of the construction lien statutes provided in chapter 713, Florida Statutes (2016).

### 2. *The Subcontractor's Summary Judgment Motion*

After discovery, the subcontractor filed a motion for final summary judgment. The motion alleged, in pertinent part: the contractor and subcontractor modified the subcontract so that the timing of the subcontractor's performance was not linked to the overall project schedule; the contractor agreed to swap out certain materials to save costs; the subcontractor installed the materials in conformance with the contractor-approved shop drawings; all of the materials were installed; and any defective installations were simply punch list items, but the contractor never provided a punch list.

The subcontractor's motion for summary judgment did not address the developer's third affirmative defense alleging the subcontractor had failed to comply with chapter 713's notice and timing requirements.

The developer and the contractor jointly filed a response to the subcontractor's motion for summary judgment. The response argued, in pertinent part: the subcontract provided that the subcontractor's performance was linked to the overall project schedule and time was of the essence, and no modification was made to those timing provisions; the subcontractor was months late in producing the materials, causing the project's overall progress and the hotel's opening to be delayed; the subcontractor's materials did not meet the developer's and the contractor's specification standards; and the subcontractor failed to correct the deficiencies in materials and installation.

In support of the response, the contractor and the developer filed the contractor's chief operating officer's affidavit. The affidavit alleged, in pertinent part:

> 8. [The subcontractor] failed to adhere to the Overall Project Schedule, failed to adhere to [the contractor's] time schedule, and did not prosecute their work under the Subcontract in a timely or diligent manner, delaying the overall progress of the Project.
>
> 9. [The contractor and subcontractor] agreed to a schedule for the cabinets to be delivered and installed to the Project and [the subcontractor] was bound by the terms of the Subcontract to deliver in accordance with that schedule. [The subcontractor] failed to produce its cabinets in accordance with the schedule and was more than three months late. Once the cabinets were late, [the subcontractor] essentially held the cabinets hostage and extorted a change order from [the contractor] for accelerated delivery of the cabinets. [The subcontractor] then failed to meet the delivery schedule that it promised pursuant to the change order.
>
> . . . .
>
> 11. [The subcontractor's] delays in its cabinetry work caused delays to the opening of the hotel and ultimately, [the contractor] had to finish a significant portion of [the subcontractor's] work itself.
>
> 13. Pursuant to the terms of the Subcontract, [the subcontractor] was to finish all Guest Room kitchenette and bathroom cabinetry and countertops in accordance with all of the Contract Documents, including but not limited to the . . .

4

[s]pecifications[,] a list of which were attached to and incorporated into the Subcontract.

14. The cabinets provided to the Project by [the subcontractor] did not meet the standards of the Contract Documents or the . . . [s]pecifications and were unacceptable. . . .

15. I personally notified [the subcontractor] of the deficiencies and walked the project on several occasions with [the subcontractor's] owners . . . [The subcontractor] has refused to acknowledge their need to repair and replace the cabinets, or [the Developer's] rejection, instead insisting on full payment.

After a hearing, the circuit court granted the subcontractor's motion for summary judgment. The circuit court's reasoning, in pertinent part, was: "I'm going to go ahead and grant summary judgment. . . . [The subcontractor's] argument and their motion is . . . directly on point. There's no genuine issue of fact here." The circuit court did not provide any details of its reasoning.

The circuit court then entered a written final summary judgment against the developer and the contractor for the full amount which the subcontractor requested in the counterclaim and third-party complaint. The circuit court did not order the commencement of any foreclosure proceedings on the subcontractor's construction lien against the developer's property.

After the final summary judgment was entered, the developer filed a supersedeas bond with the clerk of court to stay execution of the final judgment pending appeal. This appeal followed.

### 3. *Our Review*

As mentioned above, the developer and the contractor argue the circuit court erred in entering summary judgment for many reasons, three of which we address here: (1) the contractor's affidavit reflected genuine issues of material fact regarding the subcontractor's material quality and installation; (2) the subcontractor's motion did not address the developer's third affirmative defense alleging lack of compliance with the construction lien statutes' notice and timing requirements; and (3) the circuit court lacked subject matter jurisdiction over the construction lien foreclosure

claim because the property is located in Miami-Dade County, not Broward County.

Our review is de novo. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000) (review of an order granting a motion for summary judgment is de novo). As our supreme court held in *Moore v. Morris*, 475 So. 2d 666 (Fla. 1985):

> The law is well settled in Florida that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought. A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.

> If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.

*Id.* at 668 (internal citations omitted).

This appeal presents a textbook example of a case involving genuine issues of material fact.

Here, the contractor's chief operating officer's affidavit, as quoted above, created genuine issues of material fact on all of the subcontractor's arguments referred to above.

Based on these genuine issues of material fact, we cannot discern why the circuit court granted the subcontractor's motion, especially given that the circuit court did not provide any details of its reasoning. If the circuit court weighed the evidence to make its decision, that action would have been improper. *See Progressive Express Ins. Co. v. Camillo*, 80 So. 3d 394, 399 (Fla. 4th DCA 2012) ("A trial court may not weigh the evidence or judge the credibility of witnesses in arriving at summary judgment.").

The circuit court also erred in granting the subcontractor's motion for final summary judgment because the subcontractor's motion did not address the developer's third affirmative defense alleging lack of compliance with the construction lien statutes' notice and timing requirements. As we held in *Kurian v. Wells Fargo Bank, Nat. Ass'n*, 114 So. 3d 1052 (Fla. 4th DCA 2013):

6

> When a party raises affirmative defenses, a summary judgment should not be granted where there are issues of fact raised by the affirmative defenses which have not been effectively factually challenged and refuted. The movant must disprove the affirmative defenses or show they are legally insufficient.

*Id.* at 1054 (internal citations and quotation marks omitted).

Lastly, we briefly address the developer's argument, raised for the first time on appeal, that the circuit court lacked subject matter jurisdiction over the construction lien foreclosure claim because the property is located in Miami-Dade County, not Broward County. *See* Fla. R. Civ. P. 1.140 ("[A]ny ground showing that the court lacks jurisdiction of the subject matter may be made at any time.").

This argument is moot because the circuit court's final summary judgment simply awarded the full amount which the subcontractor requested in the counterclaim and third-party complaint against the contractor and the developer. The circuit court did not order the commencement of any foreclosure proceedings on the subcontractor's construction lien against the developer's property.

However, because we are remanding the case for further proceedings, we remind the circuit court that "[a] lien against property is *in rem*, affecting title to the property, and must be brought in the circuit with jurisdiction over the property." *Garrido v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 891 So. 2d 1091, 1092 (Fla. 4th DCA 2004). Furthermore, this local action rule "is one of subject matter jurisdiction, not venue, and subject matter jurisdiction cannot be conferred by waiver or consent." *Frym v. Flagship Cmty. Bank*, 96 So. 3d 452, 453 (Fla. 2d DCA 2012) (internal quotations and citations omitted).

### ***Conclusion***

Based on the foregoing, we reverse the circuit court's order granting the subcontractor's motion for final summary judgment. We use this opportunity to strongly encourage circuit courts which are inclined to grant motions for summary judgment to provide their reasoning in some fashion. Although our review of orders granting summary judgment is de novo, knowing a circuit court's reasoning would be helpful to consider in reviewing the order on appeal and ensuring we have not overlooked a legal basis upon which to affirm a summary judgment.

*Reversed and remanded for further proceedings.*

DAMOORGIAN and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**