DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BARRY M. BRANT,** as trustee of
**THE OKEECHOBEE CC-1 LAND TRUST U/I/D 3/10/04,**
**BARRY M. BRANT,** as trustee of
**THE OKEECHOBEE CC-II LAND TRUST U/I/D 3/17/05,**
**BARRY M. BRANT,** as trustee of
**THE OKEECHOBEE CC III LAND TRUST U/I/D 3/23/05,**
**DIAZ LANDSCAPING & NURSERY, INC.,** a Florida corporation,
**LAKESHORE PROPERTIES OF SOUTH FLORIDA, LLC,**
a Florida limited liability company,
**OKEECHOBEE FARM LANDS, INC.,** a Florida corporation,
**MANUEL DIAZ FARMS, INC.,** a Florida corporation,
**MANUEL C. DIAZ,** an individual, and
**BARBARA DIAZ,** an individual,
Petitioners,

v.

**METROPOLITAN LIFE INSURANCE COMPANY** and
**MLIC ASSET HOLDINGS, LLC,**
Respondents.

No. 4D20-1207

[September 16, 2020]

Petition for writ of prohibition to the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Jennifer Alcorta Waters, Judge; L.T. Case No. 432019CA000495.

Javier A. Lopez and Stephanie M. Gomez, Kozyak Tropin & Throckmorton, LLP, Miami, for petitioners.

Sylvia H. Walbolt and Dean A. Morande, Carlton Fields, P.A., West Palm Beach, for respondents.

GERBER, J.

The borrowers petition for a writ of prohibition, seeking to prevent a Martin County-based circuit court from foreclosing upon a mortgage encumbering real property in Okeechobee County. The borrowers argue that under the "local action rule," providing that "[a] proceeding in rem or

in the nature of a proceeding in rem should be brought in the county where the land lies," *Ga. Cas. Co. v. O'Donnell*, 147 So. 267, 268 (Fla. 1933), the Martin County-based circuit court lacks subject matter jurisdiction over the Okeechobee County property.

We deny the petition, because here, the Okeechobee County mortgage was cross-collateralized with three other mortgages to encumber not only the Okeechobee County property, but also three properties in Martin County, and when "a mortgage includes lands . . . lying in two or more counties, it may be foreclosed in any one of said counties." § 702.04, Fla. Stat. (2019).

### *Procedural History*

The borrowers obtained four separate loans from the lenders, secured by real property described in four separate mortgages. Three of the mortgages encumbered real property in Martin County. One of the mortgages encumbered real property in Okeechobee County.

Although each mortgage initially constituted the sole security for its respective note, the loan agreements were later modified so that all of the mortgages encumbering all of the properties jointly constituted the collateral for the borrowers' entire debt. In other words, the loans became cross-collateralized. The modified loan agreements further provided that, in the event of an uncured default under any cross-collateralized loan, the lenders would be "entitled to collect all of the same in one foreclosure proceeding brought in respect of all the real and personal property collateral securing the ... Loans."

The lenders later filed a circuit court complaint in Martin County, alleging the borrowers had defaulted on the notes. The lenders sought damages for the defaults, and sought to foreclose upon the mortgages encumbering the Martin County and Okeechobee County properties.

The borrowers filed an amended motion to dismiss the complaint's Counts I and V pertaining to the Okeechobee County note and the mortgage encumbering the Okeechobee County property. The motion argued, among other things, that under the local action rule, the Martin County-based circuit court lacked subject matter jurisdiction over that portion of the action seeking to foreclose on the Okeechobee County property.

The Martin County-based circuit court entered an order denying the borrowers' amended motion to dismiss. The court reasoned that the cross-

collateralized mortgages should be construed as one instrument, and thus the court had subject matter jurisdiction over the entire Martin County-based action, including the mortgage encumbering the Okeechobee County property.

This petition followed. Relying on this court's decision in *Hudlett v. Sanderson,* 715 So. 2d 1050 (Fla. 4th DCA 1998), the borrowers argue that even with cross-collateralized loans, a circuit court presiding over an action filed in one county lacks subject matter jurisdiction to foreclose upon a mortgage encumbering real property in another county. Thus, the borrowers argue, under the local action rule, the Martin County circuit court lacked subject matter jurisdiction over the Okeechobee County property.

In response, the lenders acknowledge that Florida's local action rule requires a foreclosure action be brought in the county where the property is located. However, quoting section 702.04, Florida Statutes (2019), the lenders argue when "a mortgage includes lands . . . lying in two or more counties, it may be foreclosed in any one of said counties." Further, relying on *Frym v. Flagship Community Bank,* 96 So. 3d 452 (Fla. 2d DCA 2012), the lenders argue that where multiple mortgages jointly constitute the collateral for a debt, the mortgages are construed as a single instrument pursuant to section 702.04. Thus, the lenders argue, the Martin County-based circuit court properly exercised subject matter jurisdiction over the entire action, including the mortgage encumbering the Okeechobee County property.

### *Our Review*

We agree with the lenders that this case is more similar to *Frym,* and distinguishable from *Hudlett.* We analyze each case in turn.

In *Frym,* the borrower executed a note secured by two mortgages: one encumbering real property in Pinellas County and the other encumbering real property in Hillsborough County. 96 So. 3d at 453. The lender later filed a circuit court complaint in Pinellas County seeking to foreclose on both mortgages. *Id.* The borrower filed a motion to dismiss, arguing that, under the local action rule, the Pinellas County-based circuit court lacked subject matter jurisdiction to foreclose on the mortgage encumbering the Hillsborough County property. *Id.*

The Pinellas County-based circuit court denied the borrower's motion to dismiss. *Id.* The court found the case involved only one transaction, that is, the single note secured by two mortgages encumbering land in two

3

separate counties. *Id.* at 454. Thus, the court reasoned, the two mortgages should be construed as one instrument. *Id.*

The borrower filed a petition for writ of prohibition, requesting the Second District to prevent the Pinellas County-based circuit court from exercising subject matter jurisdiction over the Hillsborough County property. *Id.* at 453.

The Second District denied the petition. *Id.* at 454. Our sister court agreed with the Pinellas County-based circuit court's reasoning, and further held that the case fell under section 702.04's exception to the local action rule, that is, "[w]hen a mortgage includes lands ... lying in two or more counties, it may be foreclosed in any one of said counties, and all proceedings shall be had in that county as if all the mortgaged land ... lay therein." *Id.* at 453 (quoting § 702.04, Fla. Stat. (2006)). Our sister court further noted that section 702.04's exception can apply to both contiguous and noncontiguous real properties. *Id.* (citing *Penton v. Intercredit Bank, N.A.*, 943 So. 2d 863, 864-65 (Fla. 3d DCA 2006)).

The instant case is similar to *Frym* because here, once the loans became cross-collateralized, that is, when the loan agreements were modified so that all of the mortgages constituted the collateral for the borrowers' entire debt, the loans essentially became a single debt, secured by the mortgages encumbering both the Martin County and Okeechobee County properties. Thus, section 702.04's exception to the local action rule permitted the lenders to foreclose "in any one of said counties," and allowed all proceedings to be had "in that county as if all the mortgaged land ... lay therein." § 702.04, Fla. Stat. (2019).

*Hudlett*, on the other hand, is distinguishable because there, the property located in the circuit court's home county was no longer part of the action when the circuit court exercised subject matter jurisdiction over a property in another county.

In *Hudlett*, the seller sold real property in Palm Beach County to the buyer. 715 So. 2d at 1050. The buyer financed the purchase via three notes, each secured by a separate mortgage. *Id.* One mortgage encumbered the Palm Beach County property. *Id.* Another mortgage encumbered real property in Lee County. *Id.* Yet another mortgage encumbered real property in Broward County. *Id.* Those three notes and mortgages were cross-collateralized such that if the buyer defaulted on any of the notes, the buyer defaulted on all of the notes. *Id.* at 1051. In other words, although the transaction was structured to appear as three

4

separate loans secured by three separate mortgages, it was in fact a single loan secured by all three mortgages. *Id.*

When the buyer defaulted on the notes, the seller filed a circuit court complaint in Palm Beach County to foreclose upon the mortgages encumbering the Palm Beach County and Broward County properties, but not the Lee County property. *Id.* Then, during the litigation, the seller released its lis pendens on the Palm Beach County property. *Id.* Thus, when the seller later moved for summary judgment, it sought, and obtained, a foreclosure upon only the mortgage encumbering the Broward County property. *Id.* at 1052.

The buyers appealed the summary judgment to this court. *Id.* We reversed, concluding that because the Palm Beach County-based circuit court ultimately had foreclosed upon only the mortgage encumbering the Broward County property, the Palm Beach County-based circuit court lacked subject matter jurisdiction and section 702.04's exception to the local action rule was not applicable. *Id.* Consequently, even though the loan in *Hudlett* was cross-collateralized by the mortgages encumbering the properties in three different counties, the *Hudlett* foreclosure action ultimately was based upon only the mortgage encumbering the Broward County property, thus depriving the Palm Beach County-based circuit court of subject matter jurisdiction to foreclose upon that mortgage. *Id.*

In the instant case, on the other hand, the foreclosure action was based upon all four mortgages encumbering the three Martin County properties and the Okeechobee County property. As a result, section 702.04's exception to the local action rule was applicable, thus giving the Martin County-based circuit court subject matter jurisdiction over not only the Martin County properties, but also the Okeechobee County property.

### *Conclusion*

Based on the foregoing, we affirm the Martin County-based circuit court's order denying the borrowers' amended motion to dismiss. As the court found, the cross-collateralized mortgages should be construed as one instrument, and thus the court had subject matter jurisdiction over the entire action, including the mortgage encumbering the Okeechobee County property.[1]

---

[1] In reaching our conclusion, we note this case is distinguishable from both *Frym* and *Hudlett* in that, in those cases, the circuit courts were seeking to exercise subject matter jurisdiction over real property not just in another county, but in another judicial circuit. *See Frym*, 96 So. 3d at 453-54 (Sixth Circuit judge

*Petition denied.*

MAY and KLINGENSMITH, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

---

based in Pinellas County sought to exercise subject matter jurisdiction over real property in Thirteenth Circuit-based Hillsborough County); *Hudlett*, 715 So. 2d at 1050-51 (Fifteenth Circuit judge based in Palm Beach County sought to exercise subject matter jurisdiction over real property in Seventeenth Judicial Circuit-based Broward County). Here, however, the Nineteenth Circuit judge based in Martin County sought to exercise subject matter jurisdiction over real property in Nineteenth Circuit-based Okeechobee County.

The foregoing "intercircuit" versus "intracircuit" distinction does not alter our conclusion in this case, which we have affirmed for the reasons stated above. Nevertheless, we use this case as an opportunity to remind attorneys practicing in this field that the concept of subject matter jurisdiction, as used in the context of local action rule cases like *Frym, Hudlett*, and the instant case, is not the same as the county-based concept of venue. *See Hudlett*, 715 So. 2d at 1052 ("The local action rule is one of subject matter jurisdiction, *not venue.*") (emphasis added); *Bd. of Trustees of Internal Improvement Trust Fund of State v. Mobil Oil Corp.*, 455 So. 2d 412, 415 (Fla. 2d DCA 1984), *approved in part, quashed on other grounds in part, Coastal Petroleum Co. v. Am. Cyanamid Co.*, 492 So. 2d 339 (Fla. 1986) ("Where the cause of action is *in rem* … the court involved has *subject matter jurisdiction* only if it has 1) jurisdictional power to adjudicate the class of cases to which the cause belongs and 2) *jurisdictional authority over the land which is the subject matter of the controversy.*") (emphasis added).

6